**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO.**

CHRISTOPHER SOUTHWORTH,

      Plaintiff,

v.

DAILY MANAGEMENT, INC., a Florid Profit
Corporation

      Defendant.

_____/

## COMPLAINT

Plaintiff, CHRISTOPHER SOUTHWORTH (hereinafter, "SOUTHWORTH" or "Plaintiff"), by and through his undersigned attorney, hereby files this Complaint against Defendant, DAILY MANAGEMENT, INC., ("Daily Management" or "Defendant"). In support of his complaint, Plaintiff would state the following:

## JURISDICTION AND VENUE

1. This action is brought against Defendant pursuant to Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, et. seq., and Workers' Compensation Law, Florida Statutes § 440.205.

2. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper in the Southern District of Florida, pursuant to 28 U.S.C. §§ 1391(b) and (c), because Plaintiff was employed by Defendant in this District; because Defendant, at all material times, conducted and continue to conduct business in the Southern District of

Florida; because the acts that give rise to Plaintiff's claims happened within the Southern District of Florida; and because Defendant is subject to personal jurisdiction herein.

4.      All conditions precedent to this action have been performed or waived.

## PARTIES

5.      Plaintiff is a resident of Broward County, Florida, over the age of 18 years and otherwise *suis juris*. During all times relevant to this Complaint, Plaintiff was employed by Defendant in maintenance. Plaintiff was therefore an "employee" as defined by 29 U.S.C. § 203(e) and Florida Statutes § 440.02(15)(a).

6.      Defendant is a Florida Profit Corporation, organized and existing under and by virtue of the laws of Florida and registered to do business within Florida, with its principal place of business in Weston, Florida. Defendant has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

7.      Defendant, upon knowledge and belief, employed 50 or more employees for each working day during each of 20 or more calendar workweeks in 2019 or 2018, and therefore is a covered employer under the FMLA, 29 U.S.C. § 2611(4)(A)(i).

8.      Defendant was, at all times relevant, an employer as that term is defined in Fla. Stat. § 440.02 (16)(a).

9.      By June 2019, Plaintiff had been employed by Defendant for over 12 months, and he had performed at least 1,250 hours of service for Defendant during the previous 12-month period. Plaintiff was therefore an eligible employee under the FMLA, 29 U.S.C. § 2611(2).

## **GENERAL ALLEGATIONS**

10.     Plaintiff worked for Defendant in maintenance at Canada House Beach Club ("Canada House") from 2016 through June 11, 2019. Plaintiff's primary responsibility was maintenance, and sometimes he assisted with painting.

11.     In September 2018, Canada House had an outside vendor to paint some of its bathtubs and Plaintiff was working on removing glue from bathtubs, for which he needed to kneel on the floor for long periods of time.

12.     As a result, Plaintiff tore the meniscus in his left knee.

13.     Plaintiff timely informed Defendant of his injury and sought benefits through workers' compensation.

14.     At the end of April 2019, Plaintiff advised his supervisor, Manny that Plaintiff would have a Doctor's appointment on May 16, 2019, after which Plaintiff would be scheduled for surgery, and Plaintiff would need to take approximately 4 to 8 weeks off from work for the surgery.

15.     Immediately afterwards, on or about May 4, 2019, Manny asked Plaintiff to sign some paperwork, which Plaintiff did not sign until on or about May 7, 2019, because work had been busy. The paperwork turned out to be a write-up.

16.     Plaintiff contacted the head of Defendant's Human Resources Department, Fabi, and informed Fabi that the content of the write-up was false. Approximately two weeks later, Canada House's Assistant Manager, Brian, informed Plaintiff that the write-up was changed into a verbal warning.

17.     On or about June 11, 2019, after receiving his assignments for the day, Plaintiff was directed to a room for a meeting with someone from Defendant's Human Resources Department,

3

together with Brian, when Plaintiff was advised that he was terminated because the painting position had been eliminated.

18.     Plaintiff explained that he was hired as a maintenance worker, and he only occasionally helped with painting, but he was advised that the decision would not be changed.

19.     There is no legal, non-discriminatory reason for Defendant's decision to terminate Plaintiff. Further, Defendant interfered with Plaintiff's exercise of his FMLA rights, by failing to provide him with notice designating his requested time off for surgery as qualified FMLA leave.

20.     Prior to his injury at work and informing Defendant of his need for time off due to surgery, Plaintiff had no reprimands, verbal or written, in his employee file.

21.     Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay a reasonable fee for its services.

22.     Plaintiff is entitled to his reasonable attorney's fees and costs if he is the prevailing party in this action.

## COUNT I – VIOLATION OF WORKERS' COMPENSATION LAWS

23.     Plaintiff re-alleges and re-avers paragraphs 1 – 22 as fully set forth herein.

24.     Plaintiff brings this action under Florida Law prohibiting retaliation for filing or attempting to file a valid workers' compensation claim under Florida Statutes § 440.205.

25.     In September 2018, Plaintiff suffered an on the job injury and immediately reported the injury to his supervisor.

26.     Plaintiff timely sought workers' compensation benefits and started treatment in accordance with the provisions of the Workers' Compensation Law.

27.     Immediately after Plaintiff informed his supervisor that he would be scheduled for surgery through Workers' Compensation benefits, Plaintiff received a write-up.

28.     About a month later, Plaintiff was terminated.

29.     Defendant terminated Plaintiff because of his valid claim for compensation under the Workers' Compensation Law. Plaintiff's valid claim for compensation was, at minimum, a motivating factor in Defendant's decision to terminate Plaintiff, in violation of Florida Statutes § 440.205, as evidenced by the lack of disciplinary action or prior warning of work-performance related issues.

30.     Plaintiff's work record with Defendant prior to his injury was satisfactory.

31.     Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his rights under Florida Statutes § 440.205. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

32.     Defendant claimed that the reason for Plaintiff's termination was because the painting position had been eliminated, which is pretextual, because Plaintiff was hired for maintenance, not for painting.

WHEREFORE, Plaintiff CHRISTOPHER SOUTHWORTH demands judgment for:

a) Plaintiff's lost wages and/or benefits as a result of his termination;

b) Compensatory, liquidated, and punitive damages as allowed by law and upon a record showing proof thereof;

c) Interest on all monies owed;

d) Assessment against Defendant for those reasonable attorney's fees and costs incurred as a result of bringing this action as permitted by Florida statutes;

e) Any other relief this Court deems proper.

## COUNT II: VIOLATION OF THE FMLA
### (INTERFERENCE)

33.     Plaintiff re-alleges and re-avers paragraphs 1 – 22 as fully set forth herein.

34.     Plaintiff was eligible for FMLA leave to care for his own serious medical conditions pursuant to 29 U.S.C. § 2612(a)(1)(D).

35.     Defendant is a covered employer as defined by 29 U.S.C § 2611(4)(A)(i) in that, upon knowledge and belief, Defendant employed 50 or more employees for each working day during each of 20 or more calendar workweeks in 2019 or 2018.

36.     Under the FMLA, 29 USC § 2614(a), Plaintiff had the right to take leave, and be restored to his position.

37.     Though Plaintiff's supervisor, Manny, was well aware of Plaintiff's need for leave for his surgery, Manny and Defendant's Human Resources never provided Plaintiff with any notice about his FMLA entitlement, but instead decided to terminate him.

38.     As a direct result of his termination, Plaintiff has suffered lost wages.

39.     Defendant's conduct was not done in good faith and Plaintiff is therefore entitled to liquidated damages in an amount equal to his loss of wages/benefits pursuant to the FMLA, 29 U.S.C. § 2617(a).

40.     Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees.

41.     Plaintiff has retained the services of the undersigned counsel and is obligated to pay attorney's fees should he recover damages from Defendant.

42.     Should Plaintiff prevail, Plaintiff is entitled to be awarded reasonable attorney's fees and the costs of this action pursuant to 29 U.S.C. § 2617(a)(3).

WHEREFORE, Plaintiff CHRISTOPHER SOUTHWORTH requests judgment for:

    a. Wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendant's violation of the FMLA, all as provided in 29 U.S.C. § 2617;

    b. Interest on the amount found due;

    c. Liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

    d. Plaintiff's cost of suit herein together with reasonable attorney's fees incurred in this action; and

    e. Such other relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff CHRISTOPHER SOUTHWORTH hereby demands a trial by jury on all issues contained herein so triable as a matter of right.

Dated:  October 4, 2019.

LAW OFFICES OF CHARLES EISS, P.L.
Attorneys for Plaintiff
7951 SW 6th Street, Suite 308
Plantation, Florida 33324
(954) 914-7890 (Office)
(855) 423-5298 (Facsimile)

By:   /s/ Charles M. Eiss
      CHARLES M. EISS, Esq.
      Fla. Bar #612073
      chuck@icelawfirm.com
      TIEXIN YANG, Esq.
      Fla. Bar #1010651
      tiexin@icelawfirm.com